FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 16  AM 11: 10

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMIE SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-6294** |
| **NELSON COLEMAN COR. CENTER MEDICAL STAFF, ET AL.** | **SECTION "K" (1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Jimmie Smith, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. He named as defendants the Nelson Coleman Correctional Center Medical Staff, an unidentified "Head Supervisor," an unidentified nurse, and an unidentified officer. In his complaint, plaintiff claims that he slipped and fell while at the jail. As relief, he seeks monetary damages.

Plaintiff filed this lawsuit *in forma pauperis*.[1] An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the

---

[1] Rec. Docs. 2 and 3.

___ Fee____
___ Process____
_X_ Dktd____
___ CtRmDep____
___ Doc. No ____

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[2] the Court finds that plaintiff's allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.[3]

In the complaint, plaintiff alleges that inmates at the Nelson Coleman Correctional Center requested a mop to clean up a puddle caused by a leaking water cooler; however, no mop was provided. Plaintiff subsequently slipped in the puddle and injured his leg in the resulting fall. A jail nurse immediately bandaged plaintiff's leg, and he was transported to a hospital for stitches. He was shortly thereafter transferred to the Elayn Hunt Correctional Center, where the stitches were removed. He contends:

> Plaintiff submits that based upon the above incident in which the prison staff at Nelson Coleman Correctional Center was negligence [for] not making sure that the area cleaned after being put on notice that possible injury could occur from the water being on the floor, which resulted in the injury that has caused pain and suffering.

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] The thoroughness of the complaint and supporting memorandum convinces the Court that plaintiff has pled his best case. Therefore, plaintiff need not be afforded a Spears hearing or an opportunity to amend the complaint. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, No. 03-10787, 84 Fed. Appx. 420, 424, 2003 WL 23109814, at *3 (5th Cir. Dec. 29, 2003). Accepting all of plaintiff's allegations as true, the Court concludes, for the reasons stated hereinafter, that the complaint should be dismissed.

Plaintiff submits that the issues is proven that the prison official(s) in their individual capacity did act in reckless disregard in the instance that amounts to the officials failing to act reasonably in response to the danger (water on floor) when informed about the water leaking from the cooler in the dorm.[4]

In this lawsuit filed pursuant to 42 U.S.C. § 1983, plaintiff asserts a "slip and fall" negligence claim; however, such a claim is not cognizable under § 1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001) (quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under § 1983. In Daniels v. Williams, 474 U.S. 327 (1986), an inmate fell on a pillow negligently left in a stairway by a detention facility official. Arguing that this negligence violated his Fourteenth Amendment "liberty" interest in freedom from bodily injury without "due process of law," the inmate brought a lawsuit pursuant to § 1983. Id. at 328. Rejecting the inmate's claims, the Supreme Court noted: "Lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Id. at 332. The Supreme Court held:

---

[4] Rec. Doc. 1, supporting memorandum, pp. 2-3

> Jailers may owe a special duty of care to those in their custody under state tort law, but ... we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept. Petitioner alleges that he was injured by the negligence of respondent, a custodial official at the city jail. Whatever other provisions of state law or general jurisprudence he might rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy.

Id. at 335-36 (citation omitted). Similarly, the Fifth Circuit has expressly noted that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983." Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (rejecting claim of prisoner whose ring was damaged after she slipped on a wet floor). Accordingly, plaintiff's "slip and fall" negligence claim is not cognizable in a § 1983 action.

Moreover, to the extent that plaintiff may also be attempting to assert a claim for inadequate medical care, any such claim is frivolous. It is clearly established that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001) (pretrial detainee); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (convicted prisoner). However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Deliberate indifference to a serious medical need cannot be inferred from any of plaintiff's allegations. In fact, his allegations indicate that he received prompt medical attention. He states that a nurse immediately bandaged his leg after the fall. He was then transported in a wheelchair to a vehicle and was taken to the hospital for treatment. He received stitches in the hospital, and he was transferred to another jail before the stitches were scheduled to be removed. Accordingly, plaintiff's own allegations demonstrate that any claim that Nelson Coleman Correctional Center officials were deliberately indifferent to a serious medical need is patently frivolous.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifteenth day of December, 2005.

_____<br>
SALLY SHUSHAN<br>
UNITED STATES MAGISTRATE JUDGE