UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMIE SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-6294** |
| **NELSON COLEMAN COR. CENTER MEDICAL STAFF, ET AL.** | **SECTION "K"(1)** |

## ORDER

The Court, after considering the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge and plaintiff's objections filed on January 4, 2006, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

Petitioner filed a "Response to Report and Recommendation of December 15, 2005" in which petitioner submits it is "obvious that petitioner has presented issues and facts that are worthy of judicial review" because he was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. See Rec. Doc. No. 9. Plaintiff, while incarcerated in January 2005, slipped on a wet floor and struck a table, injuring his leg. Subsequently, plaintiff brought suit under 42 U.S.C. § 1983, alleging that the prison was negligent in not mopping up the wet area of the floor he slipped on, and seeking one hundred thousand dollars ($100,000.00) in damages. See Rec. Doc. 1. Plaintiff now notes that he continues to endure permanent pain and suffering from his initial injuries and due to an alleged

denial of medical treatment.  See Rec. Doc. No. 9.  Pursuant to 28 U.S.C. § 636(b)(1), the Court has made a de novo review of those portions of the report and recommendations to which objection is made; however, the objections raised are practically identical arguments to those made in plaintiff's initial complaint, based on similar citations of case law outlining when the conditions of confinement can arise to a constitutional violation under the Eight Amendment.  Plaintiff does not address the reasoning of the Magistrate Judge's Report and Recommendation.

Plaintiff's own allegations in his initial complaint support that his current Petition is without merit.  See Rec. Doc. No. 1.  Briefly, plaintiff, along with other inmates in the Nelson Coleman Correctional Center kitchen workers dorm, had requested a mop to clean up a puddle caused by a leaking water cooler.  No mop was provided, and plaintiff subsequently slipped on the wet floor, injuring his leg in the resulting fall.  A nurse promptly tended to the plaintiff's leg, and he was transported to a local hospital for treatment where he received stitches.  These allegations in no way infer "deliberate indifference" to plaintiff's medical needs.  *See Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Thompson v. Upshur County, Texas*, 245 F.3d 447, 459 (5th Cir. 2001); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)("Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind.").  This suit truly is a "slip and fall" negligence action and, thus, not cognizable under 42 U.S.C. § 1983.   Under § 1983, liability is imposed for violations of constitutional rights, not for violations of duties arising out of tort law such as "slip and fall" negligence claims.  *See Daniels v.* William, 474 U.S. 327 (1986); *Baker v. McCollan*, 443 U.S. 137, 146 (1979); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995)(noting that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983.").  Thus, this Court

finds the Magistrate Judge's Report and Recommendation neither to be manifestly unjust nor plainly erroneous. Accordingly,

**IT IS ORDERED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

New Orleans, Louisiana, this  9th  day of March, 2006.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**